GREENBERG et al. v. LEWIS.

(Supreme Court, Appellate Term, First Department. June 14, 1915.)

JUDGMENT ⬤⟞707—CONCLUSIVENESS—PERSON NOT SERVED WITH PROCESS.
In an action for goods sold and delivered, a judgment in an action against plaintiff and defendant, based upon a check made by defendant to plaintiff, and indorsed by him to the plaintiff in that action, even if the issues litigated therein were the same as those sought to be litigated in the present action, was not binding on plaintiff herein, unless by service of summons or voluntary appearance he became a party to such former action.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. ⬤⟞707.]

Guy, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Charles Greenberg and Jacob Greenberg, copartners doing business under the firm name and style of H. Greenberg's Sons, against Harry Lewis. From a judgment for defendant, dismissing the complaint, plaintiffs appeal. Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

William L. Greenfogel, of New York City, for appellants.
Horace London, of New York City, for respondent.

LEHMAN, J. The plaintiffs sue for goods sold and delivered. The answer is a plea of res adjudicata. After the plaintiff had rested, the defendant introduced in evidence, to sustain the plea of res adjudicata, copies of the summons, complaint, and answer in the case of Geher v. Greenberg and Lewis. Inasmuch as the judgment roll in that action was lost, it was "stipulated by both sides that the action was tried in the Second District Municipal Court in the borough of Manhattan, before Mr. Justice Young and a jury in part IV on October 9, 1914, and that it resulted in a judgment for the defendant." It appears that the complaint in that action was based upon a check for $90 and made by this defendant, Harry Lewis, to these plaintiffs, and indorsed by them to one Geher, the plaintiff in that action. Both the plaintiffs and the defendant in the present action were named as parties defendant in that action, but the present plaintiffs claim that they were never served therein. Of course, even if the issues litigated in that action between Geher and this defendant were exactly the same as those which the present plaintiffs seek to litigate in the present action, the judgment in favor of this defendant would not be binding on these plaintiffs, unless by service of the summons or by voluntary appearance they became parties to the action. It is not disputed that there is no evidence in the case that these plaintiffs were parties to the former action, but it is claimed that the parties so stipulated at the trial. I find in the record no such stipulation.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

WHITAKER, J., concurs. GUY, J., dissents.